BEST SHOE COMPANY, INC., Plaintiff, *v.* BEST SHOE COMPANY, INC., and CHARLES TALCOTT, Defendants.

Supreme Court, Special Term, New York County, October 28, 1938.

*Irving Weinstein* [*C. Ira Funston* of counsel], for the plaintiff.

*Proskauer, Rose & Paskus* [*David Katz* and *Harry L. Osterweis* of counsel], for the defendants.

McLAUGHLIN (CHARLES B.), J. Both these parties have been conducting their businesses in good faith. The defendant is a foreign corporation. It has no license to do business in this State. It

claims that it uses a show room here which merely houses its agent, but all sales are made in Massachusetts even though the orders may have been given in New York city. Assuming that it has the right to have such a connection in New York city, should a court of equity refuse to enjoin its use of the name complained of? The name on the window, as the court viewed it, gave but one indication and that was that this Massachusetts corporation was actually doing business rather than merely receiving orders from the agent who actually rented the office and who, alone, was responsible for its conduct and expense. The court holds that both plaintiff and defendant are entitled to use their name. The name Best may not be appropriated unless it has a secondary meaning, and it has none. However, when the defendant uses the name, as here, there should be a readjustment of names to correspond with the actual business arrangement between the defendant and its agent. It is the agent who is doing the business, and while he may use the name, his should be just as prominent so that the public will be properly informed of the actual situation.

In view of the fact that the defendant claims that it is not actually doing business in this State but merely is represented here by its sales agent who solicits business for it, the public is unquestionably entitled to be properly advised of this fact. If the defendant is compelled to readjust its name as required herein the result will be to not only advise the public as to the defendant's true status, but the confusion now existing will be removed. The court will not go any further than to merely direct that the use of the defendant's name and that of its agent be of such character as to reflect the actual manner in which the defendant is doing business. Judgment accordingly for the plaintiff.

Settle decision and judgment. **No costs.**